

FILED
CLERK, U.S. DISTRICT COURT

MAY 18 2026

CENTRAL DISTRICT OF CALIFORNIA
EASTERN DIVISION    BY DEPUTY

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**EASTERN DIVISION**

| | |
|---|---|
| MICHELLE TAFOYA, | ) Case No.: 5:26-cv-02660-WLH-E |
| | ) |
| Plaintiff, | ) EXHIBIT A |
| | ) |
| v. | ) DECLARATION OF MICHELLE |
| | ) TAFOYA IN SUPPORT ~~OF FIRST~~ |
| CITY OF MENIFEE, et al., | ) ~~AMENDED COMPLAINT~~ |
| | ) |
| Defendants. | ) [28 U.S.C. § 1746] |

**DECLARATION OF MICHELLE TAFOYA**

I, Michelle Tafoya, declare as follows:

**I. IDENTITY AND PERSONAL KNOWLEDGE**

1. I am the Plaintiff in this action. I am over the age of eighteen. I make this declaration of my own personal knowledge, except where stated on information and belief, and as to those matters I believe them to be true. If called as a witness, I could and would competently testify to the facts set forth herein.

2. From approximately 2021 until the night of May 18, 2024, my home was 29738 Mirasol Circle, Menifee, California 92584 (the "Residence"). I lived there with my partner, Wade Verret. I slept there. I kept my clothes there. I kept my furniture there. I kept my personal papers, my photographs, and my lawfully owned handgun there. I had utilities in my own name at that address. It was my home in every sense the law recognizes.

**II. THE TENANCY**

3. Wade Verret was the named tenant on the lease with the landlord, Dorothy Durazo. According to the Menifee Police Department's own records, Mr. Verret had been renting

the Residence since 2019. *(See Menifee P.D. Case No. MN24-2407, Initial Officer Narrative of Officer Isidro [ME619].)*

4. I am informed and believe that Ms. Durazo served some form of thirty-day notice in March 2024. She then accepted and retained Mr. Verret's rent payment for April 2024. To my knowledge she never returned that payment, and she never filed any unlawful-detainer action in any court.

5. Neither Mr. Verret nor I ever abandoned the Residence. Mr. Verret works as a long-haul truck driver. His absence from the home for stretches of time was his job, not a surrender of his tenancy. Our belongings — every item we owned — remained in the home throughout.

## III. MAY 18, 2024 — THE WARRANTLESS ENTRY

6. On the morning of May 18, 2024, I was not at the Residence. Mr. Verret was out of town for work. No one was inside the home.

7. I later learned from the Menifee Police Department's own reports what happened that day. Ms. Durazo drove from San Diego to the Residence. She located a hidden spare key on the property and used it to let herself in. She had no warrant, no consent from me or Mr. Verret, and no court order of any kind. She then walked through our home and conducted her own search.

8. After conducting her own search, Ms. Durazo drove to the Menifee Police Department and spoke with Officer Alicia Ewing, Badge #423, in the station parking lot.

9. I have read Officer Ewing's own written supplemental report regarding this contact (Menifee P.D. Case No. MN24-2407, Supplement of Officer Ewing dated June 10, 2024). In that report, Officer Ewing writes — in her own words, on her own page — the following sentences:

> *"I advised RP based on the information she gave; I could not determine if they had in fact moved out or were still residing there. I advised due to not*

*knowing, we weren't able to just go into the residence without them being there."*

10. That is Officer Ewing telling Ms. Durazo, in plain English, that the law did not permit a warrantless entry into our home. It is the rule she should have followed.

11. She did not follow it. According to the same report, Officer Ewing and a second officer — identified as Officer Cultrera — then drove to the Residence with Ms. Durazo. Ms. Durazo unlocked the door for them. They entered our home and searched it.

12. Officer Ewing's report states the supposed reason for the entry was a "possibility of some kind of 'cooking lab' on the property." There was no cooking lab. There were no Bunsen burners. There were no chemicals. There were no precursors. The officers' own report acknowledges they found nothing but "a large cooking pot" and the same household items Ms. Durazo had already described to them after her own illegal entry minutes earlier.

## IV. THE BODY CAMERAS

13. I know from the Menifee Police Department's reports and from my own communications with the Department that its officers are issued body-worn cameras ("BWC").

14. On Officer Ewing's supplemental report concerning the May 18, 2024 entry, the field labeled **"BWC Activated?"** contains a single word: **"No."**

15. On the initial incident report taken by Officer Isidro on June 9, 2024 — when Ms. Durazo was later identified as the burglary suspect — the same field reads **"Yes."** The cameras worked when the Department had nothing to hide. They were not used when the Department had everything to hide.

16. When Mr. Verret and I later requested the body-camera footage from the May 18, 2024 entry, we were first told that we needed a "summons" to receive it. That is not the law in California. *See* Cal. Gov't Code § 7920.000 *et seq.* We were later told the cameras had not been working that day. Officer Ewing's own report contradicts that excuse: the cameras were not activated. The cameras were not broken; they were turned off.

## V. "TURNING THE HOUSE OVER"

17.    Officer Ewing's report describes, in her own words, what the officers did after their search:

> *"Officers advised Dorothy to conduct her landlord duties legally, turned the house over to her, and left the scene and had no further contact with Dorothy."*

18.    I read that sentence and I cannot understand how two sworn officers thought it was lawful. Ms. Durazo was crying. Ms. Durazo had already broken into our home once that day. Ms. Durazo had no right to be in our home without us. And the officers did not lock the door behind them, or post a notice, or call anyone. They "turned the house over to her" and drove away.

## VI. THE DESTRUCTION OF EVERYTHING I OWNED

19.    After the officers left, Ms. Durazo did not leave. She remained in our home. According to the Menifee Police Department's burglary report dated June 10, 2024, Ms. Durazo then checked into a nearby motel, called a junk-removal company named Temecula Valley Junk Pick-Up, and paid Abel Dominguez $4,500 to clear out the Residence.

20.    Mr. Dominguez's crew took everything. They took the furniture I had collected for years. They took my clothing. They took my mother's photographs. They took the documents I needed to prove who I was. They took my lawfully owned firearm. They took the small and ordinary objects of a life — and they hauled all of it to a landfill.

21.    I was given no notice. I was given no chance to remove a single item. I learned what had happened on May 20, 2024, when Ms. Durazo telephoned. By that time everything was gone.

22.    Based on what I know about the value of the items destroyed, I estimate the replacement cost of what I lost to exceed $150,000. The Menifee Police Department itself reached the same figure on the burglary report (listed under "MISC HOUSE HOLD ITEMS, Property Value: 150000").

## VII. THE AFTERMATH

23. The events of May 18 and 19, 2024 broke something in me that I have not been able to put back together. I was diagnosed with post-traumatic stress disorder following the loss. I have not been able to work for nearly two years. I have had no income.

24. Because I could not work, I could not make payments on my vehicle, and it was repossessed. Because I could not work, my separate home in San Diego entered pre-foreclosure. For a period of time, I had no place to live. I still struggle every day to do ordinary things.

25. Every one of these consequences flows from a single fact: two officers of the Menifee Police Department entered my home on May 18, 2024 when they knew they had no legal right to do so, searched it, and then handed it over to someone who they knew had no legal right to it either.

## VIII. AUTHENTICATION OF DOCUMENTS REFERENCED

26. Attached to or referenced in the First Amended Complaint are true and correct copies of the following documents, which I obtained from the Menifee Police Department through a California Public Records Act request and through the related criminal investigation file:

(a) The Menifee Police Department Incident Report in Case No. MN24-2407, dated June 9, 2024 (the "Initial Report"), authored by Officer John Isidro, Badge #ME619, identifying Dorothy Durazo as the suspect in a First-Degree Burglary (Cal. Penal Code § 459) and stating, in the field marked "BWC Activated?": "Yes."

(b) The Menifee Police Department Supplemental Report in Case No. MN24-2407, dated June 10, 2024 (the "Ewing Supplement"), authored by Officer Alicia Ewing, Badge #ME423, describing the warrantless entry into the Residence on May 18, 2024 and stating, in the field marked "BWC Activated?": "No."

(c) The Menifee Police Department's July 12, 2024 records-release letter signed by Police Records Technician Cheyanne Musselman, transmitting the Initial Report and the Ewing Supplement.

27.   I have personally reviewed each of these documents. The copies referenced in and attached to the Complaint are true and correct copies of what the Menifee Police Department itself produced.

## IX. DECLARATION UNDER PENALTY OF PERJURY

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on this ___18___ day of ___MAY___, 2026, at _____, California.

___M. Tafoya___

**MICHELLE TAFOYA**
Plaintiff, Declarant

North Central FRC
PO BOX 939043
SAN DIEGO, CA 92193-9043

COUNTY OF SAN DIEGO

STATE OF CALIFORNIA
HEALTH AND WELFARE AGENCY
CALIFORNIA DEPARTMENT OF SOCIAL
SERVICES



COVERED
CALIFORNIA

| | |
|---|---|
| NOTICE DATE: | March 13, 2026 |
| CASE NAME: | Chris R Tafoya |
| CALHEERS CASE NUMBER: | 5190091020 |
| SAWS CASE NUMBER: | 1BF2Y29 |
| **WORKER NAME:** | J. Winterstein |
| **WORKER ID:** | 37LS01GB06 |
| TELEPHONE NUMBER: | (858) 573-8314 |
| **CUSTOMER ID:** | 4021229125 |

## NOTICE OF ACTION
**MEDI-CAL APPROVAL**

Chris R Tafoya
4521 PAOLA WAY
SAN DIEGO, CA 92117-4016

Dear Chris R Tafoya,

We have reviewed your eligibility for health coverage. We used the information you gave us and state and federal data to make this decision.

**Michelle R Tafoya**

You qualify for Medi-Cal because your household income is below the Medi-Cal limit. Your eligibility for Medi-Cal begins 03/01/2026. Your Medi-Cal coverage will continue unless you are found no longer eligible. This could happen at the time your eligibility is renewed or when your situation changes.

We counted your household size and income to make our decision. For Medi-Cal, your household size is 2 and your monthly household income is $1,620.52. The monthly Medi-Cal income limit for your household size is $2,490.00. Your income is below this limit, so you qualify for Medi-Cal.

Title 42, C.F.R. §§435.119, 435.603; is the regulation or law we relied on for this decision.

**Chris R Tafoya**

You qualify for Medi-Cal because your household income is below the Medi-Cal limit. Your eligibility for Medi-Cal begins 03/01/2026. Your Medi-Cal coverage will continue unless you are found no longer eligible. This could happen at the time your eligibility is renewed or when your situation changes.

We counted your household size and income to make our decision. For Medi-Cal, your household size is

**State Hearing:** If you think this action is wrong, you can ask for a hearing. The back page tells you how. Your benefits may not be changed if you ask for a hearing before this action takes place. You have only 90 days to ask for a hearing. The 90 days started the day after the county sent you this notice.

2 and your monthly household income is $1,620.52. The monthly Medi-Cal income limit for your household size is $2,490.00. Your income is below this limit, so you qualify for Medi-Cal.

Title 42, C.F.R. §§435.119, 435.603; is the regulation or law we relied on for this decision.

**Do you have any changes?**

Over the next year, you must report any life changes that affect your eligibility for Medi-Cal. You must report within **10** days after the change happened. For example, you must contact us if:
- Your income changes.
- Your household changes, such as you marry, divorce, become pregnant, or have or adopt a child; a person moves into or out of your home; or you change who will be on your tax return.
- You qualify for other health insurance.
- You move. If you move to a new county, you can report your change to your old or new county.

You may report changes to your local county office in person or by mail, fax, phone, or electronically. The contact information is on the first page of this notice.

MC-MAGI-A (11/15)

Page 1 of 2

0000000710685632

California Health & Human Services Agency        California Department of Social Services

# YOUR HEARING RIGHTS

**YOUR HEARING RIGHTS (See also PUB 412 at** www.cdss.ca.gov/inforesources/state-hearings )
You can ask for a hearing if you disagree with a county/agency action or failure to act. You have **90 days** to do so, starting the day after the date of the notice. After 90 days, you must prove you had a good reason for asking late. You can also ask for a hearing to review your benefits for the past 90 days. If you ask for a hearing before the date of the change, your benefits will continue unchanged. CalFresh will end if you don't recertify when due.

- **Online** at acms.dss.ca.gov Click "Create an account" to have an ACMS account and get documents online; or click "Submit Appeal without Account" to file without an account *OR*
- **Call** toll free 1-855-795-0634(or TDD 1-800-952-8349) *OR*
- **Fax** fill out this page/fax to 1-916-651-2789 *OR*

- Fill out this page, and deliver it by one of the following:
  - o **In-person:** Appeals Section State Hearings
    1255 Imperial Avenue
    Suite 300
    San Diego, CA 92101

  - o **Mail to:** CDSS State Hearings Division, PO Box 944243, MS 21-37 Sacramento CA 94244-2430
  - o **Email to:** SHDCSU@DSS.ca.gov

## HEARING REQUEST

1. My hearing issue involves _____ (benefit program) and SAN DIEGO _____ County/Agency.

2. I want a hearing because: _____
_____

3. Print name of person who needs a hearing: _____ Birthdate: _____

4. Mailing Address: _____ Phone number: _____
   ☐ I want to get hearing notices from the State Hearing Division by email. **Email Address:** _____

5. **Name/Signature:** _____ **Date Signed** _____

6. Interpreter: ☐ I want a **free** interpreter for the _____ language or dialect.

7. Disability Accommodation for hearing?  ☐ No  ☐ Yes (explain): _____

8. Your Hearing will be scheduled by phone. If you want your hearing conducted by a different method, tell us how:
   ☐ By Telephone  ☐ By Video *(you see judge on your phone/computer)*  ☐ In person at the county hearing site
   ☐ I have no phone or internet access. I want to go and use the phone or video at hearing site for my hearing.

9. I need a faster scheduled hearing due to ☐ Denial of CalWORKs or CalFresh emergency benefits
   ☐ Medical Emergency ☐ Eviction/homelessness ☐ Other (explain): _____

10. If you timely appeal before the action listed in the notice takes place, your aid may stay the same. For CalWORKs (including Child Care) and CalFresh, if the county action was correct, you have to pay back any extra aid.
    ☐ Check to have your aid lowered or stopped pending the hearing for: ☐CalWORKs ☐Childcare ☐CalFresh

11. You can have a friend, relative, legal counsel or other person help with your hearing. **If they have agreed:**
    NAME: _____ Email: _____
    Address: _____ Phone: _____

12. **To Get Help:** These groups below may be able to give you legal advice or represent you at the hearing:

Legal Aid Society of San Diego
1764 San Diego Ave Suite 200, San Diego, CA 92110
(877) 534-2524

Legal Aid Society - North County
216 S. Tremont Street, Oceanside, CA 92054
(877) 534-2524

NA Back 9 (5/22) Required Form - No Substitute Permitted

0000000710685632

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
EASTERN DIVISION

**MICHELLE TAFOYA,**
Plaintiff,

v.

**CITY OF MENIFEE; MENIFEE POLICE DEPARTMENT; OFFICER EWING, Badge #423, in his individual and official capacities; OFFICER JOHN DOE 1, in his individual and official capacities; OFFICER JOHN DOE 2, in his individual and official capacities; SERGEANT JOHN DOE, in his individual and official capacities; CHRIS KARRER, Chief of Police, in his individual and official capacities,**
Defendants.

Case No.: _____

**COMPLAINT FOR VIOLATION OF CIVIL RIGHTS
42 U.S.C. § 1983**

**DEMAND FOR JURY TRIAL**

# INTRODUCTION

Plaintiff Michelle Tafoya brings this civil rights action against the City of Menifee, its Police Department, and individual officers who violated her Fourth and Fourteenth Amendment rights by conducting a warrantless search of her home and actively facilitating an illegal self-help eviction that resulted in the theft and destruction of all her personal property.

# JURISDICTION AND VENUE

1. This Court has subject matter jurisdiction under 28 U.S.C. § 1331 (federal question) and 28 U.S.C. § 1343 (civil rights).
2. This action arises under 42 U.S.C. § 1983 and the Fourth and Fourteenth Amendments to the United States Constitution.
3. Venue is proper in this district under 28 U.S.C. § 1391(b) because the events occurred in Menifee, California, within the Central District of California, Eastern Division.

# PARTIES

## PLAINTIFF

4. Michelle Tafoya is an individual who, at all relevant times, was a resident of 29738 Mirasol Circle, Menifee, California 92584.

## DEFENDANTS

5. City of Menifee is a municipal corporation organized under the laws of California.
6. Menifee Police Department is a law enforcement agency of the City of Menifee.
7. Officer Ewing, Badge #423, was at all relevant times a police officer employed by Menifee Police Department. He is sued in both his individual and official capacities.
8. Officer Cultrera (first name unknown) was at all relevant times a police officer employed by Menifee Police Department who participated in the May 18, 2024 warrantless entry and search. He is sued in both his individual and official capacities.
9. Officer John Doe 1 was at all relevant times a police officer employed by Menifee Police Department who may have participated in the May 18, 2024 response. His true name is currently unknown but will be identified through discovery. He is sued in both his individual and official capacities.
10. Sergeant John Doe was at all relevant times a supervising officer employed by Menifee Police Department who supervised and/or approved the May 18, 2024 response. His true name is currently unknown but will be identified through discovery. He is sued in both his individual and official capacities.
11. Chris Karrer is and was at all relevant times the Chief of Police for Menifee Police Department. He is sued in both his individual and official capacities for failure to train, supervise, and discipline officers, and for maintaining unconstitutional policies and customs.

# FACTUAL ALLEGATIONS

## Plaintiff's Residence

12. From approximately 2021 through May 19, 2024, Plaintiff Michelle Tafoya resided at 29738 Mirasol Circle, Menifee, California 92584.
13. Plaintiff lived at this address with Wade Verret, who was the named tenant on the lease with landlord Dorothy Durazo.
14. Plaintiff had utilities in her own name at this address, establishing her legal residency.
15. Plaintiff kept all her personal belongings at this residence, including furniture, clothing, personal items, documents, and a handgun.
16. This residence was Plaintiff's home and was protected by the Fourth Amendment to the United States Constitution.

**Dorothy's Illegal Entry - May 18, 2024**

17. On May 18, 2024, landlord Dorothy Durazo received a phone call from her landscaper/gardener claiming he suspected marijuana was being grown at the residence.
18. Before contacting police, Durazo drove from San Diego to Menifee and used a hidden spare key to unlawfully enter Plaintiff's residence without permission, consent, warrant, or legal process.
19. Durazo conducted her own search of the residence and observed what she believed were remnants of a prior marijuana growing operation (empty plant pots, exhaust hoses, etc.).
20. After conducting this illegal search, Durazo drove to the Menifee Police Department station to report what she had found.

**Officers' Knowledge of Illegality**

21. Officer Alicia Ewing, Badge #423, met with Durazo in the Menifee PD parking lot.
22. Durazo told Officer Ewing that Wade Verret was the tenant and that she had given him a 30-day eviction notice in March.
23. Durazo admitted to Officer Ewing that Wade had paid rent in April, invalidating the March eviction notice.
24. Durazo told Officer Ewing that her daughter said Wade had "moved out" but Durazo could not confirm this.
25. Officer Ewing explicitly told Durazo: "I could not determine if they had in fact moved out or were still residing there. I advised due to not knowing, we weren't able to just go into the residence without them being there."
26. Officer Ewing knew this was a landlord-tenant dispute.
27. Officer Ewing knew Durazo had no legal right to enter without the tenants present.
28. Officer Ewing knew California law prohibits self-help evictions.

**The Warrantless Entry Despite Knowledge of Illegality**

29. Despite telling Durazo the entry would be illegal, Officer Ewing and Officer Cultrera agreed to go to the residence.
30. Officer Ewing claims the basis for entry was "safety reasons for a possibility of some kind of 'cooking lab' on the property."
31. This justification was pretextual and unreasonable because:
    o Durazo had already searched the house and found no meth lab
    o She reported only remnants of possible past marijuana growing (legal in California)
    o She saw no Bunsen burners (her landscaper allegedly saw one cooking pot on the patio)
    o No smell, smoke, or chemical odors were reported
    o No one was inside the residence
    o No immediate danger to anyone
32. Neither Plaintiff nor Wade Verret were present at the residence. Wade was out of town working as a truck driver. Plaintiff was not home.
33. The officers had no warrant to enter the residence.

34. The officers had no probable cause to believe a crime was being committed inside the residence.
35. The officers had no reasonable belief that anyone inside was in danger or that evidence was being destroyed.
36. No exigent circumstances existed to justify a warrantless entry.
37. **Officer Ewing deliberately turned off her body-worn camera before entering the residence.** The supplemental report states "BWC Activated?: No" - proving deliberate concealment of the constitutional violation.
38. Durazo unlocked the door and the officers entered Plaintiff's home and conducted a search.
39. The officers' entry violated Plaintiff's Fourth Amendment right to be free from unreasonable searches and seizures.
40. The officers found exactly what Durazo had already described: empty plant pots, exhaust hoses, tinfoil on windows, and miscellaneous items throughout the house.
41. The officers found no marijuana, no meth lab, no Bunsen burners, no drugs, no criminal activity, and no safety hazard.

## Active Facilitation and Deliberate Indifference to Illegal Eviction

42. After searching Plaintiff's home and finding no safety hazard, Officer Ewing told Durazo: "the residence was safe. There possibly was a marijuana grow at one point but there was no actual product to look at."
43. **Officer Ewing then advised Durazo "to conduct her landlord duties legally."**
44. Despite this advice, **Officer Ewing and Officer Cultrera then "turned the house over to her, and left the scene."**
45. The officers knew or should have known that:
    o Durazo had already illegally entered the residence
    o Durazo had no legal right to remain in the residence without the tenants
    o Durazo was upset and wanted the tenants' property removed
    o Leaving Durazo alone in the residence would enable an illegal self-help eviction
    o California law requires landlords to go through court for evictions
46. By "turning the house over" to Durazo and leaving, the officers gave their implicit approval for her to take further action.
47. The officers acted under color of state law when they unlawfully entered the residence and then abandoned Durazo there.
48. The officers' conduct was a substantial factor in causing the illegal eviction and loss of Plaintiff's property that immediately followed.

## The Illegal Eviction and Theft - May 18-19, 2024

35. After the officers left, Durazo remained at the residence.
36. Durazo checked into a nearby motel and began calling junk removal companies.
37. Durazo hired Temecula Valley Junk Pick-Up, owned by Abel Dominguez, to remove and dispose of all property from the residence.
38. From approximately 2021 through May 19, 2024, all of Plaintiff's stolen property was removed from her home and thrown away, including:

- All furniture
- All clothing and personal items
- All documents and records
- Plaintiff's handgun
- All household items
- Everything she owned

39. The total value of Plaintiff's stolen property is estimated at $150,000 or more.
40. Plaintiff was given no notice of this action.
41. Plaintiff was given no opportunity to retrieve her belongings.
42. When Plaintiff learned of the theft on May 20, 2024, everything was already gone.

**Deliberate Destruction and Concealment of Evidence**

49. The initial police report (Case #MN24-2407, incident from June 9, 2024) states "BWC Activated?: Yes."
50. However, Officer Ewing's supplemental report about the May 18, 2024 incident states "BWC Activated?: No."
51. This proves that officers deliberately turned off their body-worn cameras before conducting the unconstitutional search.
52. Officers turned off cameras because they knew the entry was unlawful and wanted to conceal evidence of the constitutional violation.
53. When Plaintiff and Wade requested body camera footage, police initially claimed they needed a "summons" to release it (false under California Public Records Act).
54. Police later claimed the body cameras "were not working" on May 18, 2024.
55. Both explanations are contradicted by Officer Ewing's own statement that cameras were deliberately not activated.
56. This deliberate deactivation of body cameras constitutes spoliation of evidence.
57. The delay in taking the burglary report (not taken until June 9, 2024 - three weeks after May 18-19 incident) was done to protect officers from liability and to allow evidence to be destroyed.

**Severe Harm to Plaintiff**

52. As a direct and proximate result of Defendants' actions, Plaintiff lost everything she owned.
53. Plaintiff developed severe Post-Traumatic Stress Disorder (PTSD) from this traumatic event.
54. Plaintiff has been unable to work for two years due to PTSD and emotional trauma.
55. Plaintiff has had zero income for two years.
56. Plaintiff lost her vehicle to repossession due to inability to make payments.
57. Plaintiff's home in San Diego entered pre-foreclosure due to inability to pay mortgage.
58. Plaintiff became homeless as a result of this trauma and financial devastation.
59. Plaintiff continues to suffer severe emotional distress, anxiety, depression, and PTSD symptoms.

**Municipal Liability - Unconstitutional Policies and Customs**

60. The City of Menifee and Menifee Police Department maintain policies, practices, and customs of:
    o Assisting landlords in conducting illegal self-help evictions
    o Conducting warrantless searches of residences in landlord-tenant disputes
    o Failing to recognize or protect tenant rights under California law
    o Failing to properly train officers on Fourth Amendment requirements
    o Failing to properly train officers on California landlord-tenant law
    o Destroying or concealing body camera evidence when misconduct occurs
    o Deliberately choosing to be indifferent to the constitutional rights of tenants
61. Chief Karrer failed to adequately train, supervise, and discipline officers regarding constitutional requirements for searches and tenant rights.
62. Chief Karrer was aware or should have been aware of the need for such training and supervision.
63. The constitutional violations that occurred were a direct result of these policies, customs, and failures to train.

# CAUSES OF ACTION

# COUNT I: VIOLATION OF FOURTH AMENDMENT - WARRANTLESS SEARCH

(42 U.S.C. § 1983 Against All Officer Defendants in Individual Capacities)

64. Plaintiff incorporates all previous paragraphs.
65. The Fourth Amendment protects individuals from unreasonable searches and seizures.
66. Plaintiff had a reasonable expectation of privacy in her home at 29738 Mirasol Circle.
67. Officer Ewing and Officer John Does 1 and 2 entered Plaintiff's home without a warrant, without consent, without probable cause, and without exigent circumstances.
68. The warrantless entry and search violated Plaintiff's Fourth Amendment rights.
69. No reasonable officer would have believed this warrantless entry was lawful.
70. The officer defendants are not entitled to qualified immunity.
71. As a direct and proximate result, Plaintiff suffered damages as described herein.

# COUNT II: VIOLATION OF FOURTH AMENDMENT - UNLAWFUL SEIZURE OF PROPERTY

(42 U.S.C. § 1983 Against All Officer Defendants in Individual Capacities)

72. Plaintiff incorporates all previous paragraphs.
73. The Fourth Amendment protects individuals from unreasonable seizures of property.
74. By facilitating and enabling Durazo's illegal eviction, the officer defendants caused the seizure and destruction of all Plaintiff's property.

75. The officers acted under color of state law when they cleared the residence and left Durazo there to complete the illegal eviction.
76. The officers' conduct was a substantial factor in causing the loss of Plaintiff's property.
77. No reasonable officer would have believed this conduct was lawful.
78. The officer defendants are not entitled to qualified immunity.
79. As a direct and proximate result, Plaintiff suffered damages as described herein.

## COUNT III: VIOLATION OF FOURTEENTH AMENDMENT - DEPRIVATION OF PROPERTY WITHOUT DUE PROCESS

(42 U.S.C. § 1983 Against All Defendants)

80. Plaintiff incorporates all previous paragraphs.
81. The Fourteenth Amendment prohibits deprivation of property without due process of law.
82. Plaintiff was deprived of all her property worth $150,000+ without any legal process whatsoever.
83. Defendants facilitated this deprivation by conducting an illegal search and enabling the illegal eviction.
84. Defendants' conduct shocked the conscience and was deliberately indifferent to Plaintiff's constitutional rights.
85. As a direct and proximate result, Plaintiff suffered damages as described herein.

## COUNT IV: MUNICIPAL LIABILITY - UNCONSTITUTIONAL POLICIES AND CUSTOMS

(42 U.S.C. § 1983 Against City of Menifee and Menifee Police Department)

86. Plaintiff incorporates all previous paragraphs.
87. The City of Menifee and Menifee Police Department are liable under Monell v. Department of Social Services for maintaining unconstitutional policies, practices, and customs.
88. The municipality maintained policies and customs of:
    o Assisting landlords in self-help evictions
    o Conducting warrantless searches in landlord-tenant disputes
    o Failing to train officers on tenant rights and Fourth Amendment requirements
    o Destroying/concealing body camera evidence
89. These policies and customs were the moving force behind the constitutional violations.
90. Chief Karrer was deliberately indifferent to the need for proper training and supervision.
91. As a direct and proximate result, Plaintiff suffered damages as described herein.

## COUNT V: CONSPIRACY TO VIOLATE CIVIL RIGHTS

(42 U.S.C. § 1983 Against All Defendants)

92. Plaintiff incorporates all previous paragraphs.
93. Defendants conspired together and with Dorothy Durazo to deprive Plaintiff of her constitutional rights.
94. The conspiracy included:
   o Conducting an unlawful search to assist the landlord
   o Enabling the illegal eviction by clearing and abandoning the scene
   o Destroying/concealing body camera evidence
   o Delaying the police report to obstruct justice
95. Defendants took overt acts in furtherance of this conspiracy.
96. As a direct and proximate result, Plaintiff suffered damages as described herein.

## COUNT VI: SPOLIATION OF EVIDENCE

(State Law Claim Against All Defendants)

97. Plaintiff incorporates all previous paragraphs.
98. Defendants had a duty to preserve body camera footage from May 18, 2024.
99. Defendants intentionally destroyed, concealed, or falsely claimed the body cameras were not working.
100.       This spoliation was done with intent to deprive Plaintiff of evidence of constitutional violations.
101.       As a direct and proximate result, Plaintiff has been prejudiced in her ability to prove her claims.

---

# DAMAGES

Plaintiff seeks the following damages:

**Economic Damages:**

- $150,000+ for value of stolen property
- Lost wages for two years of inability to work
- Future lost earning capacity
- Medical and therapy costs for PTSD treatment
- Costs of replacing essential documents and identification

**Non-Economic Damages:**

- Severe emotional distress
- Pain and suffering
- Loss of enjoyment of life

- Mental anguish and trauma
- PTSD and ongoing psychological harm

**Punitive Damages:**

- Punitive damages against individual officer defendants for willful, wanton, and malicious violation of constitutional rights

**Other Relief:**

- Attorney fees and costs under 42 U.S.C. § 1988
- Pre-judgment and post-judgment interest
- Such other relief as the Court deems just and proper

# JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.

# PRAYER FOR RELIEF

WHEREFORE, Plaintiff Michelle Tafoya respectfully requests that this Court:

1. Enter judgment in favor of Plaintiff and against all Defendants;
2. Award compensatory damages in an amount to be proven at trial;
3. Award punitive damages against individual defendants;
4. Award attorney fees and costs under 42 U.S.C. § 1988;
5. Award pre-judgment and post-judgment interest;
6. Grant such other and further relief as the Court deems just and proper.

Dated: May ___, 2026

Respectfully submitted,

_____

Michelle Tafoya, Pro Se
[Your current mailing address]
[Your phone number]
[Your email if available]

# VERIFICATION

I, Michelle Tafoya, declare under penalty of perjury under the laws of the United States of America that I am the Plaintiff in this action, that I have read the foregoing Complaint, and that the facts stated therein are true and correct to the best of my knowledge, information, and belief.

Executed on May ___, 2026 at _____, California.

_____

Michelle Tafoya



**Menifee Police Department**
29714 Haun Road | Menifee, CA 92586 | (951) 723-1500

**Chris Karrer, Chief of Police**

July 12, 2024

Wade Verret
5021 East FWY
Baytown, Tx 77521

**REFERENCE:** MN24-2407

To Whom It May Concern,

The call for service report(s) you have requested are attached; however, portions of the call for service report(s) have been redacted pursuant to Government Code 7923.600.

If you have any questions, please contact me at (951) 723-1500.

Sincerely,

Cheyanne Musselman
Police Records Technician

cc: file

*We deliver an experience where people feel unified, engaged, and safe.*

# Menifee Police Department

29714 Haun Rd Menifee, CA 92586

951-723-1500

Case #:MN24-2407                                    Incident #: MN24-2407

| Event |
| --- |

## 29738 MIRASOL CIR Menifee, CALIFORNIA 92584

| | |
| --- | --- |
| **Description of Incident:** | Incident Report |
| **Date/Time Reported:** | 06/09/2024 14:05:00 |
| **Occurred From (Date/Time):** | 05/19/2024 12:00:00 |
| **Occurred To (Date/Time):** | 05/19/2024 12:00:00 |
| **Case Summary:** | |

SUSP IS VICT'S LANDLORD. VICT IS DATING SUSP'S DAUGHTER. SUSP ENTERED VICT'S RESIDENCE AND REMOVED ALL OF HIS PROPERTY FROM THE RESIDENCE. SUSP THEN HAD VICT'

S PROPERTY THROWN AWAY.

| | |
| --- | --- |
| **BWC Activated?:** | Yes |
| **Special Circumstance:** | None |
| **Domestic Incident?:** | No |
| **Anti-Reproductive Rights Crime?:** | No |
| **Gang Activity?:** | No |
| **Gang Type:** | |
| **Reporting Agency:** | MENIFEE PD |
| **Exceptional Clearance Code:** | NOT APPLICABLE |

# Menifee Police Department

29714 Haun Rd Menifee, CA 92586

951-723-1500

Case #:MN24-2407                                          Incident #: MN24-2407

## Suspect (1)

### DURAZO, DOROTHY

| | |
|---|---|
| Suspect Number (1, 2, 3, etc.): | 1 |
| Suspect Arrested?: | NO |
| Related Offenses: | 459 BURGLARY:FIRST DEGREE (220 F) |
| DOB: | ▉ |
| Age: | 78 |
| Sex: | FEMALE |
| Race: | White |
| Ethnicity: | NON-HISPANIC |
| Address: | 4521 PAOLA WAY |
| Apartment: | |
| City: | San Diego |
| State: | CALIFORNIA |
| Zip Code: | 92117 |
| Resident Status: | RESIDES IN STATE BUT NOT JURISDICTION |
| Transient: | No |
| Height: | 505 |
| Weight: | 150 |
| Hair Color: | BLONDE |
| Eye Color: | BLUE |
| Teeth: | |
| Additional Information: | |
| License Number: | ▉ |
| License State: | ▉ |
| Other Identifier: | |
| CII Number: | |
| Misc ID Type: | |
| Cell Phone: | ▉ |
| Email: | |
| Employer Name: | |
| Gang Name or Affiliation: | |
| Other Gang Name: | |
| Gang Member Qualification: | |
| Gang Criteria: | |
| Gang Colors: | |
| Member/Associate: | |

# Menifee Police Department

29714 Haun Rd Menifee, CA 92586

951-723-1500

Case #:MN24-2407                                             Incident #: MN24-2407

| Victim (1) |
|---|

**VERRET, WADE**

| | |
|---|---|
| Victim Number (1, 2, 3, etc.): | 1 |
| Victim Type: | Person/Individual (Not a Law Enforcement Officer) |
| Related Offenses: | 459 BURGLARY:FIRST DEGREE (220 F) |
| Relationship to Suspect: | DURAZO DOROTHY , VICTIM WAS CLIENT |
| DOB: | ▮▮▮▮▮ |
| Age: | 58 |
| Sex: | MALE |
| Race: | White |
| Ethnicity: | NON-HISPANIC |
| Address: | 29738 MIRASOL CIR |
| Apartment: | |
| City: | Menifee |
| State: | CALIFORNIA |
| Zip Code: | 92584 |
| Resident Status: | RESIDENT |
| Transient: | No |
| Senior Citizen?: | No |
| Type of Injury: | |
| Was Strangulation Used?: | |
| Aggravated Assault Circumstances: | |
| Victim by Assoc Relation: | |
| Height: | 601 |
| Weight: | 175 |
| Hair Color: | BROWN |
| Eye Color: | BROWN |
| Additional Information: | |
| License Number: | ▮▮▮▮▮ |
| License State: | CALIFORNIA |
| Other Identifier: | |
| CII Number: | |
| Cell Phone: | ▮▮▮▮▮ |
| Email: | |
| Employer Name: | |
| Gang Moniker: | |

| Other Data (1) |
|---|

**TAFOYA, MICHELLE**

| | |
|---|---|
| Additional Person Number (1, 2, 3, etc.): | 1 |
| DOB: | ▮▮▮▮▮ |
| Age: | 56 |
| Sex: | FEMALE |
| Race: | White |

# Menifee Police Department

29714 Haun Rd Menifee, CA 92586

951-723-1500

Case #:MN24-2407                                    Incident #: MN24-2407

| | |
|---|---|
| **Ethnicity:** | NON-HISPANIC |
| **Address:** | 29738 MIRASOL CIR |
| **City:** | Menifee |
| **State:** | CALIFORNIA |
| **Zip Code:** | 92584 |
| **Transient:** | No |
| **Height:** | 509 |
| **Weight:** | 165 |
| **Hair Color:** | BLONDE |
| **Eye Color:** | BLUE |
| **Additional Information:** | |
| **License Number:** | ▓▓▓▓▓ |
| **License State:** | CALIFORNIA |
| **Other Identifier:** | |
| **CII Number:** | |
| **Cell Phone:** | ▓▓▓▓▓ |
| **Email:** | |
| **Employer Name:** | |

## Offense (1)

### 459 BURGLARY:FIRST DEGREE

| | |
|---|---|
| **UCR/NIBRS Code:** | 220 BURGLARY/BREAKING AND ENTERING |
| **Felony/Misdemeanor:** | FELONY |
| **Reportable:** | Yes |
| **Is this a Domestic Violence Offense?:** | No |
| **Attempted or Committed:** | COMPLETED |
| **Identity Theft:** | No |
| **Cargo Theft:** | No |
| **Location Type:** | SINGLE FAMILY HOME |
| **Method of Entry:** | NO FORCE |
| **Number of Premises Entered:** | |
| **Offender Suspected of Using:** | Not Applicable |
| **Bias Motivation Crime:** | NONE |
| **Hate Crime Type:** | |
| **Type of Weapon or Force Involved:** | |
| **Weapon 1 Automatic?:** | |
| **Weapon 2 Automatic?:** | |
| **Criminal Activity or Gang Information:** | |
| **Is This Offense Unfounded?:** | No |

# Menifee Police Department

29714 Haun Rd Menifee, CA 92586

951-723-1500

Case #:MN24-2407                                      Incident #: MN24-2407

## Vehicle (0)

**Vehicle Type:**

**Status:**

**Property Class:**

**Collected By:**

**Collected Location:**

**Recovered Value:**

## Property (2)

### MISC HOUSE HOLD ITEMS

| | |
|---|---|
| **Related Offense:** | 459 BURGLARY:FIRST DEGREE (220 F) |
| **Relationship To Evidence:** | VERRET WADE , OWNER |
| **Quantity:** | 1.0000 |
| **Property Status:** | STOLEN/ETC.(INCLUDES BRIBED, DEFRAUDED, EMBEZZLED, EXTORTED, RANSOMED, ROBBED, ETC.) |
| **Property Class:** | OTHER |
| **Property Value:** | 150000 |
| **Hold Reason:** | |
| **Collected By:** | |
| **Collected Location:** | |
| **Recovered Date/Time:** | |
| **Recovered Quantity:** | |
| **Recovered Value:** | |

### 2 PHOTOS

| | |
|---|---|
| **Related Offense:** | 459 BURGLARY:FIRST DEGREE (220 F) |
| **Relationship To Evidence:** | VERRET WADE , OWNER |
| **Quantity:** | 2.0000 |
| **Property Status:** | NONE |
| **Property Class:** | |
| **Hold Reason:** | Evidence |
| **Collected By:** | Isidro, John ME619 |
| **Collected Location:** | AT SCENE |
| **Date/Time Collected:** | 06/10/2024 16:30:00 |
| **Recovered Date/Time:** | |
| **Recovered Quantity:** | |
| **Recovered Value:** | |

# Menifee Police Department

29714 Haun Rd Menifee, CA 92586

951-723-1500

Case #:MN24-2407                                          Incident #: MN24-2407

| Drug (0) |
|---|

**Drug Description:**

**Quantity/Weight:**

**Quantity/Weight Measure:**

**Property Class:**

**Collected By:**

**Collected Location:**

**Recovered Date/Time:**

| Gun (0) |
|---|

**Property Status:**

**Collected By:**

**Collected Location:**

| Narrative (1) |
|---|

### Initial Officer Narrative

**Isidro, John ME619**                                                    **06/10/2024**

## SOURCE OF ACTIVITY:

On June 9, 2024, at approximately 1405 hours, I, Officer Isidro #619, was in full uniform, driving a marked police vehicle. I was assigned 3102, Menifee Police Department in Riverside County. I received a "Follow-Up" radio call at Menifee Station. Comments of the call stated the reporting person wanted to report an illegal eviction.

## INVESTIGATION:

Upon arrival, I met with Michelle Tafoya, who was with her mother, Dorothy Durazo (later identified as suspect). Michelle's boyfriend, Verret Wade (later identified as victim), resides at 29738 Mirasol Cir, Menifee. The victim was renting the house from the suspect. Michelle advised that the suspect illegally evicted the victim from the residence and wanted to file a police report. The victim was not at the police station to file a report because he was working. I then spoke with the suspect, who advised of the following:

## SUSPECT'S PARAPHRASED STATEMENT:

The suspect has been renting her house out to the victim since 2019. She gave the victim a 30-day notice

# Menifee Police Department

29714 Haun Rd Menifee, CA 92586

951-723-1500

Case #:MN24-2407                                          Incident #: MN24-2407

to vacate the residence for not paying rent. She did this sometime this year but cannot remember what month. The victim gave her rent for April 2024, so she did not follow through with the eviction process.

On May 18, 2024, the suspect received a phone call from Terrance Wallace, the landscaper at 29738 Mirasol Cir. He had called her to inform her that he was looking around the outside of the residence and believed it was being used to grow marijuana. Terrance also found a spare key in a hidden key holder outside. The suspect then drove to the residence and met with Terrance. They used the spare key to enter the residence and observed live ammunition on the floor. She did not know if anyone was inside, so she called PD to help clear the residence. Officers then arrived and conducted a protective sweep of the residence. They did not find anyone, and soon after, they left.

The suspect checked in at a nearby motel. She began to call companies to remove the victim's property from the residence. She called Temecula Valley Junk Pick-Up and spoke with Abel Dominguez. He advised her that they could remove and throw away everything from the residence on the same day for $4,500. The suspect agreed, and Abel began removing the victim's property from the residence.

On May 20, 2024, the suspect felt terrible that she removed the victim's belongings and called Michelle to tell her what she had done. Michelle then drove to the residence and notified the victim of the incident.

**INVESTIGATION CONTINUED:**

I was able to get in contact with the victim via landline. He advised that he was a truck driver and was often out of town. He has been residing at 29738 Mirasol Dr for about 3 years. He advised of the following:

**VICTIM'S PARAPHRASED STATEMENT:**

On May 20, 2024, Michelle called the victim while working and told him the suspect had removed and thrown away all his property from his residence. The following day, the victim returned to his residence and found only a television, vehicle, and motorcycle in the garage.

# Menifee Police Department

29714 Haun Rd Menifee, CA 92586

951-723-1500

Case #:MN24-2407                                      Incident #: MN24-2407

**INVESTIGATION CONTINUED:**

The victim stated he never received a 30-day notice to vacate from the suspect. He did not give the suspect permission to enter his residence or remove and throw away his property. The victim desired prosecution.

The victim will provide an itemized list of all his property that was removed and thrown away. I will complete a supplemental report once I have received the list.

Using department resources, I was able to locate the suspect's original call for service INC#MN-24-139-065. Officer Ewing #423 contacted the suspect on May 18, 2024. See Officer Ewing's attached supplemental for further details about that day.

My investigation revealed that the suspect could not enter the victim's residence and remove his property in violation of 459 PC - Burglary. The suspect was not arrested, and an Arrest Warrant Declaration was completed and attached to this report.

**EVIDENCE:**

I uploaded 2 photos of the Temecula Valley's business card and uploaded them to evidence.com

**COURT INFORMATION:**

I can testify to the contents of this report. This report can be forwarded to the Riverside District Attorney's Office for filing consideration.

Officer (3)

# Menifee Police Department

29714 Haun Rd Menifee, CA 92586

951-723-1500

Case #:MN24-2407                                          Incident #: MN24-2407

| Reporting Officer: | Isidro, John (ME619) | 06/10/2024 07:01:00 |
| Approving Officer: | Perez, Chris (ME494) | 06/13/2024 18:48:42 |
| Officer: | Ross, Christina (ME563) | 07/02/2024 10:24:52 |

## Attachment Data (1)

Description:  AWD

File Name:    SUPERIOR COURT OF CALIFORNIA COUNTY OF RIVERSIDE.pdf

# Menifee Police Department

29714 Haun Rd Menifee, CA 92586

951-723-1500



Case #:MN24-2407                                            Incident #: MN24-2407.001

| Event |
|---|

**29738 Mirasol Cir Menifee, 92584**

| | |
|---|---|
| **Description of Incident:** | Supplement |
| **Date/Time Reported:** | 06/09/2024 14:05:00 |
| **BWC Activated?:** | No |

| Offense (0) |
|---|

| Narrative (1) |
|---|

**Ewing, Alicia ME423**                                                        **06/10/2024**

On 05/18/2024 I, Officer Ewing (#423), was assigned to work patrol for the Menifee Police Department as Unit 3102. I was dispatched to the station to speak with reporting party, Dorothy Durazl, referencing a possible marijuana grow in a house that she rents out at 29738 Mirasol Cir, Menifee.

INVESITIGATION:

I contacted the reporting party Dorothy Durazl, in the Menifee PD parking lot and took the following statement.

STATEMENT OF DOROTHY DURAZL

Dorothy Stated she owns the property (Mirasol Cir) and gave the renters a 30 day notice back in March, and they never left. She is listed as the owner of the property in the city GIS system. The male, Wade Verret is friends with her daughter, and he paid rent in April. Dorothy's daughter advised Wade was a long-haul truck driver, and he told her daughter that he had moved out. Dorothy stated she was going to send her daughter to clean out the house, but her daughter has been busy, so she drove up from San Diego.



# Menifee Police Department

29714 Haun Rd Menifee, CA 92586

951-723-1500

Case #:MN24-2407                                    Incident #: MN24-2407.001

Dorothy stated she had HOA fees coming in and her daughter went to the house and did some of the stuff outside.  Dorothy stated she had her lawn guy go to the house and had to do some additional things outside of the house. The Gardener needed to plug something in and had to plug it in through an open window. The gardener later told Dorothy that there were things in the house that were for growing marijuana and that there was stuff everywhere where you could barely walk in the house. The gardener told RP that there was a very expensive "grower" in the house.

Rp stated there was still a car and a motorcycle in the garage that belonged to the renters, and it was supposed to be gone.

Rp became upset and began crying because she believed her house was destroyed and stated she didn't know what to do. She had a 30-day notice sent by a person by the name of Roy Black because she lives in San Diego. I asked Rp again about her daughter telling her that they told her they moved out. She nodded her head yes and said "right, right"

I advised RP based on the information she gave; I could not determine if they had in fact moved out or were still residing there. I advised due to not knowing, we weren't able to just go into the residence without them being there.

Dorothy continued to describe what the gardener saw inside. They have fans, and hoses, the windows have foil on them, exhaust pipes, going out the windows.  Then Dorothy stated she thought it was more than weed stuff. Dorothy stated there were Bunsen burners in the back. I asked Dorothy if she thought they were cooking stuff back there and she said that's what her gardener said. She said the reason the Gardener got suspicious was because she saw he saw his burner on the back patio.

Dorothy had already gone into the house before she came to the police station. I had Dorothy describe what she saw in the house, and she stated she saw big hoses going up to the ceiling, all these fans, air conditioners outside the window, and windows had foil on them, she stated nothing was in there except a dining room table.

Due to what described, it was deemed necessary to check the residence for safety reasons for a possibility of some kind of "cooking lab" on the property. Dorothy had the keys to the residence and

Released to Wade Veret

## Menifee Police Department



29714 Haun Rd Menifee, CA 92586

951-723-1500

Case #:MN24-2407                                     Incident #: MN24-2407.001

opened it for us. Officer Cultrera and I arrived at the residence and conducted a check of the residence to ensure there were no safety concerns for the house and neighborhood.

Upon checking the house, there were portable closets set up with plastic pots containing dirt, exhaust pipes hanging and connected, tinfoil on some of the windows, and there was stuff all over the floor of the house making it difficult to walk through. On the back patio, there were no Bunsen burners on the patio. There was a large cooking pot but nothing else that was indicative of a meth laboratory.

Dorothy was advised that the residence was safe. There possibly was a marijuana grow at one point but there was no actual product to look at.

Officers advised Dorothy to conduct her landlord duties legally, turned the house over to her, and left the scene and had no further contact with Dorothy.

| Officer (3) | | |
|---|---|---|
| Supplementing Officer: | Ewing, Alicia (ME423) | 06/10/2024 15:35:00 |
| Approving Officer: | Cox, Corey (ME315) | 06/10/2024 16:32:49 |
| Officer: | Ross, Christina (ME563) | 07/02/2024 10:28:15 |

Released to Wade Veret